OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Chrysler Motors Corporation, Appellant, v. Mayfield, Admr., et al., Appellees.

[Cite as State ex rel. Chrysler Motors Corp. v. Mayfield (1992),    Ohio St.3d    .]

Industrial Commission -- Intentional torts -- Reimbursement of settlement money and attorney fees from Intentional Tort Fund -- Right to reimbursement negated by Supreme Court decision finding R.C. 4121.80 unconstitutional in toto.

(No. 91-766 -- Submitted May 12, 1992 -- Decided September 2, 1992.)

Appeal from the Court of Appeals for Franklin County, No. 89AP-1203.

Decedent, John A. Mazzola, was killed in the course of and arising from his employment with appellant, Chrysler Motors Corporation. Decedent's widow filed an action against appellant and other corporate defendants, claiming, inter alia, that decedent died as a result of the "reckless, willful or intentional actions of Chrysler." The suit was later settled and dismissed. The settlement agreement required appellant to pay the widow $690,000. During the course of the proceedings leading up to the settlement, appellant incurred substantial legal fees. Shortly after settlement, appellant contacted appellee Industrial Commission of Ohio for reimbursement of settlement money and attorney fees from the Intentional Tort Fund, citing R.C. 4121.80(D). The commission refused reimbursement.

Appellant commenced an action in mandamus in the Court of Appeals for Franklin County to compel reimbursement of the aforestated monies. The court of appeals denied the writ, finding that appellant had not complied with R.C. 4121.80(D).

This cause is now before this court upon an appeal as of right.

Mansour, Galvin, Gerlack & Manos Co., L.P.A., Jeffrey M. Embleton and Robert E. Blackham, for appellant.

Lee I. Fisher, Attorney General, and Jeffery W. Clark, for appellees.

Per Curiam. Subsequent to the decision below and the

filing of briefs before this court, Brady v. Safety-Kleen Corp. (1991), 61 Ohio St.3d 624, 576 N.E.2d 722, was decided.  That decision invalidated R.C. 4121.80 in its entirety, negating any right to reimbursement of settlement money and attorney fees in this case.

For this reason, the judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., Sweeney, Holmes, Douglas and Resnick, JJ., concur.

Wright, J., concurs in judgment only.

H. Brown, J., not participating.